IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY L. BROWN, :
AIS 110326,
:
    Petitioner,
:
vs.                                             CA 12-0405-WS-C
:
JIMMY PATRICK, et al.,
:
    Respondents.

**REPORT AND RECOMMENDATION**

    Johnny L. Brown, a state prisoner presently incarcerated at Limestone Correctional Facility, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[1]

**FINDINGS OF FACT**

    According to the allegations gleaned from the petition for writ of habeas corpus filed June 15, 2012 (Doc. 1, at 13), and other documents electronically maintained by this Court, *see Brown v. Holt,* CA 99-1046-CB-C, Brown was convicted of first-degree murder

---

[1]    In light of the contents of this report and recommendation, the undersigned finds petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) **MOOT**.

1

and assault with intent to murder on (or about) February 2, 1978 in the Circuit Court of Dallas County, Alabama, and was thereafter sentenced to life imprisonment for first-degree murder and to a five-year term of imprisonment for assault with intent to murder. (*Compare* Doc. 1, at 2 *with Brown v. Holt,* CA 99-1046-CB-C, Doc. 7, at 1.) Petitioner's first-degree murder conviction and sentence were affirmed on appeal by written opinion entered on November 21, 1978, *Brown v. State*, 366 So.2d 334 (Ala.Crim.App. 1978), and his application for rehearing was overruled, *see id*. There is nothing indicating that Brown filed a petition for writ of certiorari with the Alabama Supreme Court. (*See* Doc. 1.)

Although Brown reports in his petition only that he collaterally attacked his conviction(s) and sentence(s) in the state courts of Alabama beginning in 2008 (*see id.* at 4), it is clear that Brown's 2008 and later (*see id*. at 4 & 5) collateral attacks on his 1978 convictions and sentences simply represent the latest of a plethora of collateral petitions filed by him in the state courts of Alabama. Indeed, Brown's first state collateral attack, an *error coram nobis* petition, was filed in the Circuit Court of Dallas County, Alabama on October 21, 1981 and dismissed, following an evidentiary hearing, in January of 1991. *See Brown v. Holt,* CA 99-1046-CB-C, Doc. 7, at 2. Moreover, on March 7, 1999, Brown filed his first Rule 32 petition in the Circuit Court of Dallas County, Alabama; this collateral petition was denied without a hearing on April 20, 1999. *See id*.

Additionally, while Brown has certainly represented to this Court that the instant federal habeas corpus petition represents his first federal challenge to his 1978 first-degree murder and assault with intent to murder convictions and sentences (*see* Doc. 1,

2

at 9 (in answer to the question whether he had filed a habeas corpus petition attacking his present conviction in this or any other federal court, Brown replied in the negative)), this representation is false inasmuch as there is no question but that Brown filed a habeas corpus petition in this Court on November 24, 1999, collaterally attacking his convictions and sentences. *See Brown v. Holt,* CA 99-1046-CB-C, Doc. 1. While petitioner's 1999 collateral attack in this Court is of paramount importance for purposes of this report and recommendation, a review of court records also reveals possible other habeas corpus petitions filed by Brown before the filing of his 1999 federal petition. *See Brown v. Randall,* 83-1369-M; and *Brown v. Davis,* 86-0829-M. Regardless of whether these other petitions were filed by Brown, it is clear that in 2000 then Chief United States District Judge Charles R. Butler, Jr. dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d), Brown's most recent habeas corpus petition filed in this Court prior to the filing of the instant petition. *See Brown v. Holt,* 99-1046-CB-C, Doc. 9.

Brown filed the instant petition in this Court on June 15, 2012 (Doc. 1, at 13 (petitioner's declaration that he executed the petition and delivered same to custodial authorities for mailing on June 15, 2012)), and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) the trial court was without jurisdiction to impose sentence or set punishment; (2) the sentence imposed (of "natural life") exceeded the maximum punishment authorized by law; (3) his conviction was obtained in violation of the protection against double jeopardy; and (4) the trial court failed to address all issues raised. (*See id.* at 7-9.)

## **CONCLUSIONS OF LAW**

3

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Pursuant to 28 U.S.C. § § 2254 and 2244(b)(3)(A), as amended by § § 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of*

4

*Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

The instant § 2254 petition, filed June 15, 2012, is clearly a second/successive petition,[2] yet there is nothing to indicate that Brown filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second—if not fourth—federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Brown's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a

---

[2] A district court's dismissal of a petitioner's "first" habeas petition on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections*, 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed pro se an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted by* 2010 WL 653691 (Feb. 17, 2010).[3]

---

[3] The undersigned recommends that this Court dismiss Brown's present federal habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931

---

result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

(2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a second/successive petition, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, with prejudice, for want of jurisdiction or that Brown should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report &*

*recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Johnny L. Brown's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed for lack of jurisdiction because the petition is a second/successive as defined by 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of June, 2012.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).